IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>LEON NICHOLS, in his individual capacity; RANDY WALL, in his individual capacity; and VERNA R. NICHOLS, in her individual capacity and as trustee of the H DALE & V R NICHOLS FAMILY TRUST,<br><br>Defendants. | **ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 2:19-cv-00829-TC-DBP<br><br>Judge Tena Campbell<br>Magistrate Judge Dustin B. Pead |

Before the court is a motion for default judgment (ECF No. 32) filed by Plaintiff Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin, No. 2:18-cv-892.

The Receiver filed this action against Defendant Randy Wall[1] on October 28, 2019. (See

---

[1] The Receiver also asserted claims against Defendants Leon Nichols and Verna Nichols, in both her individual capacity and as trustee of the H Dale & V R Nichols Family Trust. (See Compl., ECF No. 2.) Litigation continues against these defendants.

1

Compl., ECF No. 2.)  Mr. Wall's answer was due on November 27, 2019.  (See Return of Summons, ECF No. 10.)  But Mr. Wall did not file an answer.  The Receiver moved for entry of default against Mr. Wall on July 19, 2024 (ECF No. 21), and the Clerk of Court entered a default certificate on August 12, 2024 (ECF No. 26).

The Receiver now requests entry of judgment against Mr. Wall in the total amount of $295,161.64.  This amount includes $220,000 in fraudulent and voidable transfers and $75,161.64 in prejudgment interest calculated at the rate of 5% per annum from November 13, 2017, the day on which Rust Rare Coin made a payment to Mr. Wall.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment. Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id.

(quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA. (Decl. Jeffrey T. Shaw, Ex. A to Receiver's Mot. Default J., ECF No. 32-1.) The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions, a summary of which is included at Exhibits 2 and 3 to his declaration. In August 2011, a silver investment account was opened for The Dale & Verna Nichols Family Trust with Gaylen Rust. (Shaw Decl. ¶ 10.) Sometime prior to November 2017, Mr. Wall married Verna Nichols and, through his marriage to her, became involved in that account. (Id.) There is no evidence that Mr. Wall contributed any money to the investment account. (Id. ¶ 11.)

On November 13, 2017, Mr. Wall received a payment for $220,000 that was wired to Randy & Verna Wall.[2] (See Ex. 4 to Shaw Decl., ECF No. 32-1.) Mr. Wall therefore received $220,000 in excess of his contributions and the Receiver may appropriately recover this amount as a fraudulent transfer.

Furthermore, the court agrees with the Receiver that prejudgment interest from the date the investment payment was made—November 13, 2017—is appropriate here. The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper." Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley,

---

[2] Verna Nichols has since passed away, but the Receiver notes that her estate may be jointly and severally liable for this investment activity.

No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014).  This court has previously awarded prejudgment interest in ancillary actions to the Rust Rare Coin litigation.  See, e.g., Hafen v. Howell, No. 2:19-cv-813-TC, 2023 WL 5000944, at *5–7 (D. Utah Aug. 4, 2023).  The court therefore awards the receiver prejudgment interest at the rate of 5% per annum from November 13, 2017, the day Rust Rare Coin made a payment on behalf of Mr. Wall.  The amount of prejudgment interest totals $75,161.64.  Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Receiver's Motion for Default Judgment (ECF No. 32) is GRANTED.

2. The court awards the Receiver $295,161.64, an amount that represents $220,000 in fraudulent and voidable transfers and $75,161.64 in prejudgment interest.

3. The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment.  See 28 U.S.C. § 1961(a).

DATED this 16th day of September, 2024.

BY THE COURT:

_Tena Campbell_
Tena Campbell
United States District Judge